IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01021-BNB

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

RACHEL INFANTE, in her individual and official capacities as case manager for CCCF,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Fogle initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). Mr. Fogle asserts two claims for relief pursuant to 42 U.S.C. § 1983 contending that his constitutional rights have been violated. He seeks damages and declaratory relief.

The Court must review Mr. Fogle's claims in the Prisoner Complaint because he is a prisoner and the § 1983 claims he is asserting relate to prison conditions. *See* 42 U.S.C. § 1997e(c)(1). Furthermore, the Court is required to dismiss the action if it is frivolous. *See id.* A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Fogle is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Fogle's claims in the Prisoner Complaint stem from Defendant's failure to provide an administrative grievance form Mr. Fogle requested in September 2012. Mr. Fogle alleges that he requested a grievance form in order to file a grievance regarding retaliation, staff misconduct, institutional operations, and access to the courts. According to Mr. Fogle, the denial of a grievance form hindered his ability to report staff misconduct and his desire to access the courts.

Mr. Fogle specifically asserts two First Amendment claims against Defendant based on her failure to provide a grievance form. He first claims that Defendant violated his constitutional right of access to courts because he was unable to exhaust administrative remedies regarding the issues he sought to raise in the grievance procedure. Mr. Fogle's second claim is a retaliation claim in which he alleges that Defendant denied him a grievance because Mr. Fogle had filed other grievances.

Mr. Fogle's access to the courts claim is legally frivolous because the denial of a prison grievance form does not implicate the constitutional right of access to the courts. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the

courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n. 3 (10th Cir. 2008) (noting that a failure to respond to an inmate's grievances does not implicate the constitutional right of access to the courts); *Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation). Mr. Fogle is correct that a prisoner is required to exhaust the available administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a). However, "[w]hen prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of a section 1983 action." *Main v. Martin*, No. 06-cv-00232-WDM-MJW, 2009 WL 215404 at *5 (D. Colo. Jan. 22, 2009) (unpublished). Therefore, the access to the courts claim is legally frivolous and must be dismissed.

Mr. Fogle's retaliation claim also is legally frivolous. Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Fogle must demonstrate (1) that he was engaged in constitutionally protected activity, (2) that Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected

activity.  *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).  "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

Mr. Fogle's retaliation claim lacks merit because the denial of a grievance form is not the sort of injury that would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity.  *See, e.g., Green v. Snyder*, 525 F. App'x 726, 730 (10th Cir. 2013) (a prison official's failure to provide "grievance forms in a timely fashion would not chill a person of ordinary firmness from continuing to file grievances").  The sort of injury required to support a retaliation claim is more significant than the mere denial of a grievance form.  *See Allen v. Avance*, 491 F. Appx. 1, 6 (10th Cir. 2012) ("[t]he prospect of punishment severe enough to satisfy the Eighth Amendment is sufficient to 'chill a person of ordinary firmness' from exercising his constitutional rights"); *Miskovsky v. Jones*, 437 F. Appx. 707, 713 (10th Cir. 2011) (a prison inmate's "transfer to a more dangerous prison would chill a person of ordinary firmness from continuing to pursue the litigation").  Therefore, the retaliation claim also will be dismissed as legally frivolous.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 42 U.S.C. § 1997e(c)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the "Motion for Appointment of Counsel or Name/Case Place on Volunteer List" (ECF No. 4), the "Amended Plaintiff's Motion to Have His Case Placed on the Volunteer Counsel List" (ECF No. 6), the "Motion to Waive Marshal's Serve Fees of Summons With Complaint" (ECF No. 7), and the "Request for Counsel by Letter" (ECF No. 9) are DENIED as moot.

DATED at Denver, Colorado, this  14th  day of        May        , 2014.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court